UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FERMIN SOLIS ANIEL, an individual; and ERLINDA ABIBAS ANIEL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LITTON LOAN SERVICING, LP, a California Limited Partnership; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., a Delaware Corporate Entity doing business in California; QUALITY LOAN SERVICES CORP., a California Corporate Entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No:  C 10-00951 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AS TO FEDERAL CLAIMS**<br><br>Dkt. 4, 20, 24, 42 |

Plaintiffs Fermin Solis Aniel and Erlinda Abibas Aniel (collectively "Plaintiffs") bring the instant action against Litton Loan Servicing, LP ("Litton"), Mortgage Electronic Registration Systems Inc. ("MERS") and Quality Loan Services Corp. ("Quality") based on the foreclosure of Plaintiffs' rental property in San Bruno, California.  The parties are presently before the Court on the following motions:  (1) Litton's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Dkt. 4; and (2) Quality' Rule 12(B)(6) motion to dismiss, Dkt. 20, in which MERS has joined.  Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS the motions to dismiss as to Plaintiff's federal claims under the Fair Debt and Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq.  The Court declines to assert supplemental jurisdiction over Plaintiffs' remaining state law causes of action.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

On August 2, 2006, Plaintiffs, along with two other individuals who are not parties to this action, executed a promissory note ("Note") for $712,500.00. Compl. ¶¶ 13 & Ex. B, Dkt. 1.[1] The Note was secured by a Deed of Trust ("Deed") in favor of Residential Mortgage Capital ("Residential") against rental property located at 1881 Earl Avenue, San Bruno, California 94066 ("the Property"). Id. ¶¶ 13, 17. The Deed names Residential as the lender, Fidelity National Title Company as the trustee, and MERS as the nominal beneficiary for Residential and its successors and assignors. Id. ¶¶ 14-16. The loan was serviced by Avelo Home Mortgage. Id. ¶ 18.

In March 2008, Plaintiffs defaulted on their loan. Id. ¶ 19. On October 7, 2008, MERS assigned its interest to Litton, and Litton, in turn, substituted Defendant Quality Loan Service Corporation ("Quality") as trustee on October 16, 2008. See Def.'s Request for Judicial Notice ("RJN"), filed Sept. 7, 2010, Ex. A, Dkt. 41-2; Def.'s RJN, filed June 10, 2010, Ex. B, Dkt. 20-2.

On October 17, 2008, Quality recorded a notice of default against the Property. Def.'s RJN, Ex. C, Dkt. 20-2. The following day, on October 18, 2008, Plaintiffs received a Notice of Default and Election to Sell under the Deed from Quality. Compl. ¶ 23. On January 22, 2009, a Notice of Trustee's Sale was recorded in the San Mateo County Recorder's Office, which Plaintiffs allege they received on January 24, 2009. Def.'s RJN Ex. D, Dkt. 20-2; Compl. ¶ 24.

On or about February 8, 2009, Plaintiffs sent a letter to Litton which is styled as a qualified written request (also referred to as "QWR") under RESPA. Compl. ¶ 95; Pl.'s

---

[1] Plaintiffs have brought numerous mortgage fraud actions following the foreclosure of their rental properties. See Aniel v. T.D. Serv. Co., No. C 10-05323 WHA; Aniel v. EMC Mortgage Corp., No. C 10-5170 SBA; Aniel v. T.D. Serv. Co., No. C 10-3185 JSW; and Aniel v. Aurora Loan Servs. LLC, No. C 10-1042 JSW.

RJN Ex. 8, Dkt. 15.[2]  The letter states: "We are exercising our right to rescind the above loan immediately immediately."  Id.  In addition, Plaintiffs requested "copies of [their] signed loan documents[.]"  Id.  The letter concludes with the warning: "Furthermore, please stop the foreclosure of the above property, or Litton Loan Servicing may face legal consequences of not doing so."  Id.  On December 29, 2009, Plaintiffs sent a second alleged QWR reiterating their earlier request for documents.  Id. Ex. 9.  Plaintiffs also expanded their request to include the following categories of documents:

 1. A completely life of the loan transactional history;
 2. The Transactional Code for the software platform for the Servicer;
 3. The code definition if plain English;
 4. The Key Loan transaction history, bankruptcy worksheet, or any summary of all the accounts in XL, spreadsheet format;
 5. The MERS Milestone Report and Edgar website address for Pooling and Servicing Agreement, Prospectus and Prospectus supplement;
 6. The name, address, name of a contact person and telephone number of the current holder and owner of the mortgage note or promissory note;
 7. Copies of all collection notes and communication files;
 8. All itemized statement of the amount needed to fully reinstate the loan;
 9. All communication with any non-lawyer third party provider; and
 10. All Form P-309 screen shot [sic] of all system accounts.

Id.  In neither letter do Plaintiffs contend that the servicing of their account was in error or that the requested documents relate to Litton's servicing of the loan.

---

[2] The Complaint alleges that these letters are attached thereto as Exhibits L and M. Compl. ¶¶ 95, 97.  No such exhibits are attached the pleadings.  However, Plaintiffs accompanied their opposition to Litton's motion to dismiss with a Request for Judicial Notice ("RJN"), to which copies of the alleged QWRs referenced in the Complaint are attached.  Pl.'s RJN Exs. 8 & 9, Dkt. 15.  The Court may take judicial notice of documents referenced in, but not physically attached to, a complaint, provided that no party questions their authenticity.  See In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999).  As no party has objected to these documents, Court takes judicial notice of the alleged QWRs provided by Plaintiff.

In the meantime, Plaintiffs filed for Chapter 11 bankruptcy on February 25, 2009. Compl. ¶ 25.  Litton, as the servicing agent for Residential, obtained relief from the automatic stay in the bankruptcy proceedings on August 11, 2009, in order to proceed with the foreclosure. Def.'s RJN, Ex. E, Dkt. 20-2.[3]  On January 5, 2010, Litton purchased the Property at the trustee's sale for $725,000.  Compl. ¶ 43.

### B.   PROCEDURAL HISTORY

Plaintiffs filed the instant action in this Court on March 5, 2010, against Litton, MERS and Quality (collectively "Defendants").  The Complaint alleges eight claims for relief: (1) violation of the FDCPA as to all Defendants; (2) violation of the California Rosenthal Act, Cal. Civ. Code § 1788, as to Litton and Quality; (3) fraud as to all Defendants; (4) wrongful foreclosure as to all Defendants; (5) declaratory relief as to all Defendants; (6) injunctive relief as to all Defendants; (7) action to quiet title as to all Defendants; and (8) violation of RESPA at to Litton.  Quality and Litton have filed separate Rule 12(b)(6) motions to dismiss.  Dkt. 4 & 20.  MERS has filed a joinder in Litton's motion.  Dkt. 21.  With briefing complete, the matter is now ripe for adjudication.[4]

## II.   LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss for failure to state a claim based on deficient

---

[3] Plaintiffs' bankruptcy case was terminated on February 4, 2011.  See In re Fermin Aniel, et al., 09-30452 DM (N.D. Cal. Bkrtcy. Ct.).

[4] In addition to the pending motions to dismiss, the Court notes that Plaintiffs have filed a motion for default judgment against MERS.  Dkt. 24.  However, the motion is premature, as no default has been entered against MERS.  Dkt. 36.  In addition, MERS has demonstrated its intent to defend against Plaintiffs' claims by joining in Litton's motion to dismiss.  See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689 (9th Cir.1988) (noting that a default judgment cannot be entered if a defendant has filed a response indicating an intent to defend the action).  Separately, Plaintiffs filed a motion to file a surreply in response to Quality's motion to dismiss.  Dkt. 42.  A surreply is unnecessary since none of the "new issues" which the proposed surreply purports to address is germane to Court's resolution of this action.  Therefore, both of these motions are DENIED.

1  pleading, a complaint must satisfy the notice pleading requirements of Federal Rule of Civil
2  Procedure 8, which requires that the complaint include a "short and plain statement of the
3  claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); see also
4  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). Though pro se pleadings are
5  liberally construed, plaintiffs remain obligated to comply with all rules of procedure. See
6  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

7  When considering a Rule 12(b)(6) motion, a court must take the allegations as true
8  and construe them in the light most favorable to plaintiff. See Knievel v. ESPN, 393 F.3d
9  1068, 1072 (9th Cir. 2005). However, "the tenet that a court must accept as true all of the
10 allegations contained in a complaint is inapplicable to legal conclusions. Threadbare
11 recitals of the elements of a cause of action, supported by mere conclusory statements, do
12 not suffice." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "While legal
13 conclusions can provide the complaint's framework, they must be supported by factual
14 allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line
15 from conceivable to plausible[.]" Id. at 1951 (quoting Bell Atl. Corp. v. Twombly, 550
16 U.S. 544, 557 (2007)). Ultimately, the allegations must "give the defendant fair notice of
17 what the … claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555
18 (internal quotations and citation omitted).

19 "If a complaint is dismissed for failure to state a claim, leave to amend should be
20 granted unless the court determines that the allegation of other facts consistent with the
21 challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-
22 Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend is not required
23 where permitting further amendment to the pleadings would be futile. See Deveraturda v.
24 Globe Aviation Sec. Servs., 454 F.3d 1043, 1049-50 (9th Cir. 2006).

25 **III.   DISCUSSION**
26   **A.   FDCPA**
27 The FDCPA prohibits "debt collectors" from engaging in various unlawful debt
28 collection practices, including the making of "false, deceptive or misleading

representations." 15 U.S.C. §§ 1692a & 1692e. A "debt collector" includes any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, *property*, insurance, or services which are the subject of the transaction *are primarily for personal, family, or household purposes*, whether or not such obligation has been reduced to judgment." Id. § 1692a(5).

Though the Ninth Circuit has not yet decided whether the FDCPA applies to a non-judicial foreclosure, courts within this Circuit have concluded that it does not constitute "debt collection" under the FDCPA. See, e.g., Aniel v. TD Serv. Co., No. C 10-05323 WHA, 2011 WL 109550, at *4 (N.D. Cal. Jan. 13, 2011) ("This action arises out of a mortgage loan on a rental property, and that loan is not a 'debt' covered by the FDCPA.") (Alsup, J.); Deissner v. Mortgage Elec. Regis. Sys., 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) ("the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA."), aff'd, 2010 WL 2464899 (9th Cir. Jun. 17, 2010) (internal quotations omitted); Landayan v. Wash. Mutual Bank, No. C 09-0916 RMW, 2009 WL 3047238, at * 3 (N.D. Cal. Sept. 18, 2009) ("A claim cannot arise under FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA") (citing Maguire v. Citicorp. Retail Svcs., Inc., 147 F.3d 232, 236 (2d Cir. 1998) and Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)) (Whyte, J.).

Even if the FDCPA were applicable to foreclosures, the statute would not protect Plaintiffs under the facts alleged. The Property is described in the Complaint as a "rental property," which they purchased along with two other persons, Raul Estiva and Corazon Estiva. Compl. ¶ 13. By its express terms, the FDCPA applies only to debts "in which the … property … which [is] the subject of the transaction [is] primarily for *personal, family, or household purposes*...." Id. § 1692a(5). The FDCPA does not apply to commercial

debts.  See Bloom v. I.C. Sys. Inc., 972 F.2d 1067, 1068-69 (9th Cir. 1992) (explaining that the FDCPA applies to debts incurred for personal rather than commercial reasons).  Since the debt at issue was incurred in connection with a rental property, as opposed to a personal, family or household purpose, the FDCPA has no application here.  See Aniel, 2011 WL 109550, at *4 (dismissing FDCPA claim based on the fact that debt was owed on a rental property).[5]  Because Plaintiffs have not stated—and based on the allegations in the Complaint, could not state—a viable claim under the FDCPA, Plaintiffs' first claim is dismissed with prejudice.

### B.    RESPA

RESPA imposes certain disclosure obligations on loan servicers who transfer or assume the servicing of a federally related mortgage loan.  12 U.S.C. § 2605(b).  Under section 2605(e), a loan servicer "who receives a qualified written request from the borrower (or an agent of the borrower) for information *relating to the servicing of such loan*" is required to provide the borrower with a written acknowledgment of receipt within twenty days.  Id. § 2605(e)(1)(A) (emphasis added).  A qualified written request or "QWR" is defined as follows:

> (B) Qualified written request
>
> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
>> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B); see also 24 C.F.R. § 3500.21(e)(2).  "A QWR must seek information relating to the servicing of the loan; a request for loan origination documents is

---

[5] The Court also takes judicial notice of Plaintiffs' Statement of Financial Affairs filed in their bankruptcy action in which they state, under penalty of perjury, that they resided at 75 Tobin Clark, Hillsborough  CA  94010 from "JUNE 2005-PRESENT."  See In re Fermin Aniel, et al., N.D Cal. Bkrptcy. No 09-30452 DM, Dkt. 16 at 8.

not a QWR." Jones v. PNC Bank, N.A., No. C 10-1077 LHK, 2010 WL 3325615, at *2 (N.D. Cal. Aug. 20, 2010) (Koh, J.).

Within sixty days of receipt of a QWR, excluding weekends and holidays, the servicer must conduct an investigation; if the servicer determines that the account is in error, the servicer must make appropriate corrections to the borrower's account and notify the borrower of the correction in writing. 12 U.S.C. § 2605(e)(2)(A). If the servicer determines that the account is not in error, the servicer must provide the borrower with a written explanation or clarification stating the reasons why the servicer believes the borrower's account is correct. Id. § 2605(e)(2)(B). If the request pertains to a request for information, the servicer must either provide the information to the borrower or explain why such information is unavailable. Id. § 2605(e)(2)(C). A violation of the foregoing provisions entitles an individual to seek "any actual damages to the borrower as a result of the failure[.]" Id. § 2605(f)(1). Where the servicer's violation is the result of a "pattern or practice of noncompliance," the individual may also recover "additional damages… in an amount not to exceed $1,000." Id.

In their Complaint, Plaintiff alleges that Litton violated RESPA by failing to respond to their QWRs from February 2009 and December 2009. Compl. ¶¶ 95, 97. Neither letter qualifies as a QWR, however. In the February 8 letter, Plaintiff do not provide a statement of reasons why they "believe[] that the account is in error." 24 C.F.R. § 3500.21(e)(2); 12 U.S.C. § 2605(e)(1)(B). Rather, the letter merely demands rescission pursuant to the Truth in Lending Act and threatens that Litton "may face … legal consequences" if it does not "stop the foreclosure." Pl.'s Req. for Jud. Notice Ex. 8, Dkt. 15. This Court has previously ruled that "[m]atters pertaining to rescission are not within the scope of section 2605(e)." Morris v. Bank of Am., No. C 09-2849 SBA, 2010 WL 761318, at *6 (N.D. Cal. Mar. 3, 2010) (Armstrong, J.). Plaintiffs also request copies of "[their] signed loan documents." Id. However, a request for loan documents does not relate to the servicing of a loan, and therefore, the letter does not qualify as a QWR. See Jones, 2010 WL 3325615, at *2 (citing cases). Likewise, Plaintiffs' December 2009 letter requests the production of ten categories

of documents, none of which, even when liberally construed, pertain to the servicing of their loan.

Even if Plaintiffs had alleged a plausible RESPA claim, they have failed to allege that they suffered actual damages resulting from the alleged RESPA violation. See Morris, 2011 WL 250325, at *5 (dismissing RESPA claim where plaintiffs failed to allege that they had suffered actual damages resulting from defendants' failure to respond to their QWRs) (Armstrong, J.)  Here, the Complaint insufficiently alleges that "Plaintiffs were damaged by Litton's non-compliance…." Compl. ¶ 98.  In their opposition, Plaintiffs attempt to clarify that they were damaged "in that Litton failed to provide any accounting for a future reorganization plan in bankruptcy, and to identify the real party in interest."  Pls.' Opp'n at 18.  A plaintiff cannot avoid dismissal by alleging new facts in an opposition to a Rule 12(b)(6) motion.  See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir.1998) ("'new' allegations contained in the [plaintiff]'s opposition motion, however, are irrelevant for Rule 12(b)(6) purposes.").  Nonetheless, "there is no statutory basis for an accounting under RESPA."  Farias v. FCM Corp., No. No. 10cv260 L(CAB), 2010 WL 4806894, at *3 (S.D. Cal. Nov. 10, 2010).  As for the vague reference to identifying the "real party in interest", it appears that Plaintiffs, like so many other litigants in mortgage foreclosure cases, are attempting to claim that the entity instituting the foreclosure process had no authority to do so.  Such an allegation, however, is, at best, germane to the question of whether the foreclosure was proper, not whether Litton violated RESPA.  Because it is clear that Plaintiffs cannot allege facts to show actual damages, Plaintiffs' eighth claim is dismissed with prejudice.

### C. SUPPLEMENTAL STATE LAW CAUSES OF ACTION

All of Plaintiffs' remaining claims are based on state law.  When the federal claims that served as the basis for jurisdiction are eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action.  See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may

sua sponte exercise its discretion and dismiss state law claims under 28 U.S.C. § 1367(c)). Given the lack of any remaining federal claims, coupled with the early stage of the litigation, the Court exercises its discretion and dismisses Plaintiffs' state law causes of action without prejudice to submitting such claims in a state court action.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); c.f., Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").

## IV.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.  Defendants' motions to dismiss are GRANTED as to Plaintiffs' first claim under TILA and eighth claim under RESPA, which are dismissed without leave to amend.

2.  The Court declines to assert supplemental jurisdiction over Plaintiffs' remaining state law causes of action, which are dismissed without prejudice to presenting them in state court.

3.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  February 11, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FERMIN SOLIS ANIEL et al,

        Plaintiff,

  v.

LITTTON LOAN SERVICES et al,

        Defendant.
                                         /

Case Number: CV10-00951 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Erlinda Abibas Aniel
75 Tobin Clark Drive
Hillsborough, CA 94010

Fermin Solis Aniel
75 Tobin Clark Drive
Hillsborough, CA 94010

Dated: February 11, 2011
                                    Richard W. Wieking, Clerk

                                            By: LISA R CLARK, Deputy Clerk